**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-02501-JFW-KES                    Date: May 20, 2026

Title:  KATHRYN ROSE HUNTER v. CYNTHIA POLANCO, et al.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| <u>Jazmin Dorado</u> | <u>Not Present</u> |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):  Order to Show Cause Why Claims by Minor K.A-M.H. Should Not Be Dismissed Without Prejudice**

On May 11, 2026, Plaintiff Kathryn Rose Hunter ("Plaintiff") filed a <u>pro</u> <u>se</u> civil rights complaint against Scale Leadership Academy ("Scale"), a public charter school; Palo Verde Unified School District; and (3) and Scale employees Cynthia Polanco, Latoya Carter, and Bryan Hernandez.  ("Complaint" at Dkt. 1.)  She brings claims on behalf of herself and as "parent and next friend" to her minor daughter, K.A-M.H.[1]

---

[1] Although it is now only discretionary under the Federal Rules of Civil Procedure for parties and nonparties to abbreviate a minor's full name to just the initials, <u>see</u> Fed. R. Civ. P. 5.2(a)(3), the Court will elect to do so.  Should Plaintiff seek to seal the publicly available court files containing K.A-M.H.'s full name

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-02501-JFW-KES                                      Date: May 20, 2026
                                                                          Page 2

(Id. at 1.)

   In order to bring claims on behalf of her minor daughter, Plaintiff must (1) apply to be appointed guardian ad litem and (2) retain counsel to represent the guardian ad litem and her daughter.  First, to be appointed guardian ad litem of K.A-M.H., Petitioner must file a Petition for the Appointment of a Guardian Ad Litem.  See L.R. 17-1.1.[2]  "While the parent may be appointed as a guardian ad litem, the Court requires a declaration from the parent asserting that the parent understands the responsibilities in serving as a guardian ad litem, has no conflict of interest with the child, and is willing to serve as guardian ad litem in this matter." C.R. by and Through Russell v. City of S.D., No. 18-cv-01401, 2019 WL 4277399, at *2 (S.D. Cal. Sep. 10, 2019).

   Second, a guardian ad litem must be represented by counsel.  See Johns v. Cnty. of S.D., 114 F.3d 874, 877 (9th Cir. 1997) (A guardian ad litem "cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer."); L.R. 83-2.2.1 ("A non-attorney guardian for a minor or incompetent person must be represented by counsel.").  If a guardian ad litem is unable to obtain counsel, "the complaint as to the guardian ad litem in his or her capacity as guardian ad litem must be dismissed without prejudice thereby giving the guardian ad litem further opportunity to secure an attorney at a later time within the limitations period and bring the action on behalf of the minor." Garcia v. City of Fresno, No. 16-cv-01340, 2017 WL 6383815, at *4 (E.D. Cal. Dec. 14, 2017).

   The Court, therefore, orders that, by **June 30, 2026**, must Plaintiff show cause, if any she has, why the claims brought on behalf of K.A-M.H. should not be dismissed without prejudice.  Alternatively, Plaintiff may discharge this Order to Show Cause by (1) filing an application to be appointed guardian ad litem (or an application requesting to have someone else appointed guardian ad litem) and (2) retaining counsel who will appear and represent K.A-M.H.

                                                   Initials of Deputy Clerk: ARO

---

(i.e., docket entries 1, 2, 2-1, 2-2, 2-3, 2-3, and 3), she may file a motion to seal and a proposed redacted version of the Complaint per Local Rule 79-5.2.2(a).

   [2] The Court's Local Rules are online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.